UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN DUPRY                                    CIVIL ACTION NO. 08-cv-1036

VERSUS                                         JUDGE WALTER

DR. LAURA GEHRIG, ET AL                        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

John Dupry ("Plaintiff") alleges (Docs. 1 and 6) that he was an inmate housed at the East Carroll Detention Center, suffering from severe emphysema, when he was transferred to Forcht Wade Correctional Center, which has better medical facilities. Plaintiff alleges that the East Carroll officials provided him with two prescribed inhalers and transferred him to Forcht Wade so that he could benefit from an oxygen machine that East Carroll did not have. Plaintiff complains that the officials at Forcht Wade took his inhalers from him, refused to give him new inhalers because they "cost too much," and said that Plaintiff would have to wait until he arrived at his next prison facility. Plaintiff alleges that Forcht Wade officials also refused to provide him the oxygen machine that he needed. Plaintiff asserts claims based on the Eighth Amendment and the Americans With Disabilities Act.

Each of the several defendants, except Dr. Laura Gehrig, has filed either a Motion to Dismiss (Docs. 29 and 47) or a Motion for Summary Judgment (Docs. 30 and 46). The Marshal attempted to serve Dr. Gehrig both at the Forcht Wade facility and at an address at which the Department of Corrections has agreed to accept service for current employees.

Both attempts at service were returned with a notation that Dr. Gehrig was not served because she is no longer employed by the Department. Docs. 18 and 45.

Among the defenses raised by the movants is that Plaintiff failed to exhaust his administrative remedies before he filed this civil action. The defense is based on the statutory provision that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The statute's reference to actions "with respect to prison conditions" is interpreted broadly and includes actions that allege denial of medical care. Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). The statute's broad application to claims under Section 1983 "or any other Federal law" encompasses Plaintiff's ADA claim related to his medical care in prison. See Wiley v. McKellar, 167 Fed. Appx. 385, 386 (5th Cir. 2006); Richard v. Blanco, 2006 WL 3497739 (W.D. La. 2006).

This court, before the decision in Jones v. Bock, 127 S.Ct. 910 (2007), conducted a sua sponte inquiry in every prisoner case to determine whether the prisoner could produce an indication that he exhausted administrative remedies before filing suit. If the prisoner could not squarely allege or present documents to suggest exhaustion, the case was dismissed before the defendants were served. Jones held that exhaustion of administrative remedies is an affirmative defense that the defendants must establish, and the court may not require

prisoners to specifically plead or demonstrate exhaustion in their complaints. See also Carbe v. Lappin, 492 F.3d 325 (5th Cir. 2007).

Consistent with Jones, the court no longer orders prisoners to allege exhaustion at the pleading stage, but the pre-Jones complaint form used by area prisoners for many years does include questions about exhaustion and a request to attach exhaustion information. Plaintiff filed this action on such a form, but he did not respond to any of the questions regarding the filing or pursuit of an administrative grievance. He did attach to his original complaint what purports to be a request for administrative remedy dated March 12, 2008 that complains about the denial of inhalers at the Forcht Wade facility. Plaintiff also alleged in a later response to questions from the court about his medical care that he made numerous complaints, "including a ARP grievance sent to the Forcht Wade administration on 3-12-08." Doc. 6, p. 3.

Movants assert in their motion for summary judgment that, despite Plaintiff's allegations, there is no record that prison officials received an ARP grievance. The court has noted in past cases that the assertion of the exhaustion defense by motion for summary judgment is usually supported by an affidavit from the official who administers the ARP system. That official "testifies about the existence and terms of the ARP plan in place at the relevant time, attaches certified copies of any filing that the prisoner did make (together with responses thereto), or certifies that a diligent check of the record reveals no filing by the prisoner with respect to the claims at issue." Fitch v. La. Department of Public Safety, 2009

WL 1076749 (W.D. La. 2009). That discussion was offered in the course of advising attorneys for state officials that a Rule 12(b)(6) motion would seldom suffice to prevail on the exhaustion defense.

The state officials in this case did present the defense by motion for summary judgment, but its evidentiary support is gossamer thin. Movants counsel points to the Administrative Remedy Procedure adopted by the Louisiana Department of Public Safety and Corrections, and published in the Louisiana Administrative Code at Title 22, Part I, § 325. The policy applies at facilities operated by the Department. There is no evidence of record that Forcht Wade is such a facility, but the court will take judicial notice, gained from years of litigation involving the prison, that it is a Department prison. Defendants in future cases should avoid any doubt by offering testimony or other competent evidence that the ARP plan in the regulations was in effect at the relevant prison at the time of the events at issue.

Movants note in their memorandum that the ARP process is begun by writing a letter to the warden of the facility. If the screening officer accepts the grievance for processing, the warden or his designated staff person has 40 days to respond. An inmate who is dissatisfied with that response may appeal to the Secretary of the Department. If the inmate is not satisfied with the second-step response, he may file suit. See Alex v. Stalder, 2007 WL 4919781 (W.D. La. 2007).

The only evidence submitted by the movants to challenge Plaintiff's allegation that he filed a grievance is an affidavit from Rhonda Weldon, who testifies that she "is employed

as a Paralegal for the Department of Public Safety and Corrections, Legal Services, Office of the Secretary." Beyond that, Weldon offers only the following: "After a review of the administrative proceedings, as maintained in the normal course of business by the Department of Public Safety and Corrections, she was unable to locate an ADMINISTRATIVE REMEDY PROCEDURE filed on March 12, 2008 by Plaintiff, JOHN DUPRY, Doc. #184009, in connection with the above-captioned matter."

Weldon does not offer any testimony to explain how or where the "administrative proceedings" are maintained or that would otherwise assure the court that whatever she reviewed (and wherever it is) would contain any grievance that Plaintiff filed when he was housed at the Forcht Wade facility in north Louisiana. Testimony in similar cases in the past has come from the administrator of the ARP system at the facility where the claim arose and where the grievance would have been originally filed. In the future, no matter the affiant, the affidavit on such matters should include more detailed facts about what records the person reviewed and why a review of those records should be dispositive of whether a grievance was filed and exhausted. Furthermore, the assertion that a Department paralegal searched some records somewhere and did not find a grievance filed precisely "on March 12, 2008" by a plaintiff who alleges that he "sent" his grievance on that date (presumably to the warden at the local facility rather than the Department) leaves room for doubt. Weldon's narrowly cabined testimony does not preclude the possibility that the March 12 grievance was received or "filed" on March 13 or any other date. Neither the records search nor the

testimony about it should be framed so narrowly.  The movant should provide the court with factual information from which a reasonable person would be assured that a diligent search of the relevant records has been conducted.  The affidavit should, rather than being drafted as narrowly as possible, tell the story of what the affiant did and explain to the court why that action establishes that a grievance was not filed and exhausted with regard to the allegations in the suit. Whether it is done by design or oversight, narrow testimony such as Weldon's makes a reasonable person wonder what the affiant really did and what she may have left out of her testimony.

Fortunately for the movants, Plaintiff was released from prison during the pendency of this litigation.  See Doc. 35.  He apparently lost interest in this case because, after these motions were noticed, he did not file any opposition.  The movants' summary judgment evidence is severely lacking in factual detail, but the court will accept it as adequate to make a prima facie case for the exhaustion defense and shift the summary judgment burden to Plaintiff to show that there is a genuine issue of material fact. Plaintiff did not file any opposition to the motions, so he has not satisfied his burden.  Movants are entitled to summary judgment.

Dr. Gehrig did not join any motion, but the defense established by the movants would apply equally to her.  Thus, the court should not only grant the motions for summary judgment but also sua sponte  grant summary judgment for Dr. Gehrig.  This notice to Plaintiff, and the 10-day objections period that follows this recommendation, satisfies the

10-day notice requirement of Fed. R. Civ. Pro. 56(c). See St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 435 (5th Cir. 2000) ("A party must be given at least ten days notice before a court grants summary judgment sua sponte.") This procedure does not run afoul of Jones because the court is not requiring the prisoner to plead around the defense in his complaint. Rather, the defense has been factually established in summary judgment practice, and the prisoner is being afforded the opportunity to respond to that showing.

The next question is whether the claim should be dismissed with or without prejudice to refiling in forma pauperis. The undersigned has explained in other cases that the filing of unexhausted suits post-Jones places more burden than before on the taxpayers who fund state institutions and the federal courts. The court may no longer dismiss the unexhausted complaints prior to service by the Marshal and, at a minimum, motion practice such as this offered by the taxpayer-funded attorneys for the prison officials. These burdens make it more important now than ever to discourage the premature filing of unexhausted prisoner complaints, and dismissal with prejudice to another IFP filing serves that interest and will encourage prisoners to obey Congress's mandate to exhaust administrative remedies before suit is filed. See Fitch, 2009 WL 1076749, *3.

Defendants also filed motions to dismiss that raised Eleventh Amendment, qualified immunity, and other defenses. The recommendation that all claims be dismissed for lack of exhaustion does away with the need to address the several issues presented in those motions. They may be denied as moot.

Accordingly,

**IT IS RECOMMENDED** that the **Motions for Summary Judgment (Docs. 30 and 46)** be **granted** and that all claims against the movants be **dismissed with prejudice** for failure to exhaust administrative remedies before filing suit.

**IT IS FURTHER RECOMMENDED** that all claims against Dr. Laura Gehrig be **dismissed with prejudice** for failure to exhaust administrative remedies before filing suit.

**IT IS FURTHER RECOMMENDED** that the **Motions to Dismiss (Docs. 29 and 47)** be **denied as moot** because all claims against the movants have otherwise been dismissed.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE